IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN JOSEPH SZUKICS,            )
                                  )
        Plaintiff                 )     Case No. 1:19-cv-0379 (Erie)
                                  )
vs.                               )
                                  )     RICHARD A. LANZILLO
KRISTIN MCHENRY, et al.,          )     UNITED STATES MAGISTRATE JUDGE
                                  )
        Defendants                )
                                  )
                                  )     ORDER ON DEFENDANTS' MOTION
                                  )     FOR A MORE DEFINITE STATEMENT
                                  )
                                  )     ECF NO. 44

Pending before the Court is a Motion for More Definite Statement filed by the Defendants

on October 30. 2020.  ECF No. 44.  Defendants assert that Plaintiff's Complaint (ECF No. 16)

violates numerous Rules of the Federal Rules of Civil Procedure and it request that the Court order

Plaintiff to file a more definite pleading that identifies his separate claims or causes of actions and

the conduct of each Defendant upon which he bases his claims as mandated by Fed. R. Civ. Pro. 8,

10, 12(e), and 20.[1]  The legal standard for a motion for a more definite statement was explained in

detail by this Court in *Lamb v. Richards Snow & Ice Removal*, 2017 WL 6352401, at * 1 (W.D. Pa. Dec.

11, 2017):

> Under the Federal Rules of Civil Procedure, a complaint must
> contain "a short and plain statement of the claim showing that the
> pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If a complaint is
> "so vague or ambiguous that a party cannot reasonably be required to
> frame a responsive pleading," a party may move for a more definite
> statement.  Fed. R. Civ. P. 12(e).  However, Rule 12(e) motions are
> "highly disfavored since the overall scheme of the federal rules calls
> for relatively skeletal pleadings and places the burden of unearthing
> factual details on the discovery process."  *A.M. Skier Agency, Inc. v.*

---

[1] Despite the listing of ECF No. 10 as the "Complaint," the document filed at ECF No. 16 as a 'corrective entry' is the
operative pleading.

1

*Creative Risk Services, Inc.*, 2006 WL 167762, at *12 (M.D. Pa. Jan. 20, 2006) (quoting *Hughes v. Smith*, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005) ); *see also Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967) ("Although the motion for a more definite statement continues to exist in rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.").

In deciding Rule 12(e) motions, the prevailing standard employed by Third Circuit is to grant a Rule 12(e) motion "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (citing *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232–33 (D.N.J. 2003)).  Rule 12(e) should not be used to obtain information "which presents a proper subject for discovery." *Id.* (citing *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142–43 (D. Del. 1960)).  Rule 12(e) motions should be granted based on "unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran & Assoc.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989).  Whether a Rule 12(e) motion should be granted is "a matter committed largely to the discretion of the district court." *MK Strategies*, 567 F. Supp. 2d at 737 (citing *Clark*, 213 F.R.D. at 232).

After reviewing Plaintiff's Complaint, the Court agrees with the Defendants that it is insufficient in numerous respects, as identified by the Defendants in their Brief in Support of Motion for More Definite Statement, (ECF No. 44).  For example, Plaintiff has drafted four separate complaint forms and filed them as one document.  See ECF No. 16.  The forms all contain different claims, name various individuals and often do not connect those individuals to particular claims.  The Court will grant Defendants' motion and direct Colon to file an Amended Complaint.  In drafting his Amended Complaint, Colon should be guided by the foregoing discussion and the following instructions:

Instructions for Filing an Amended Complaint

A.      Caption and Heading

Plaintiff shall clearly mark his pleading as "Amended Complaint." Plaintiff must place his full name at the top of the amended complaint. Plaintiff must also list the names of each defendant. Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violation(s).

B.      Jurisdiction

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum.  If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim.  In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

C.      Parties

As the person initiating the lawsuit, Plaintiff must identify himself as such.  Also, for each defendant named in the amended complaint, Plaintiff should list his or her current address, if available, and a description of his or her position or employment.

D.      Statement of Claim

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated.  It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how each defendant violated his rights.  Plaintiff must show personal involvement in the alleged wrongdoing by each defendant.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in

the alleged wrongs"). Wherever possible, this description should include references to relevant dates, times, and locations. It should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the events at issue in his amended complaint, including each defendant's misconduct, and how such misconduct resulted in a violation or denial of his civil rights.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph or combination of related paragraphs– for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts in support of the claims made in the count. Each incident must be clearly and specifically described; it should, whenever possible, include the relevant time, date, and location. Each incident description also should clearly identify the defendant or defendants who were involved in the incident and defendant's role in the incident. The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint.

E.     Injury

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

G.      Request for Relief

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit.
Depending on the nature of the claims and allegations asserted in the amended complaint, this may
include compensatory damages, punitive damages, declaratory relief and/or injunctive relief.  The
relief requested must be related specifically to the injury suffered.  However, Plaintiff should be
aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or
emotional injuries suffered while in custody.

H.      Signature and filing

Plaintiff must sign his amended complaint and file it with the Clerk of the Court.

ORDER

AND NOW, this 19th day of November, 2020,

IT IS HEREBY ORDERED that Defendants' Motion for More Definite Statement (ECF
No. 44) is GRANTED.  Plaintiff shall file an amended complaint as described herein within twenty-
one (21) days of the date of this Order.  Plaintiff shall clearly mark his complaint "Amended
Complaint."  The amended complaint must include all of Plaintiff's claims in this action and should
not refer back to the original or amended complaints. If Plaintiff fails to comply with this Order, this
action may be dismissed for his failure to prosecute.

RICHARD A. LANZILLO
United States Magistrate Judge

5